UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GAYLORD WILSON, 156385,

         Petitioner,

v.                                       CASE NO. 2:09-CV-14609
                                       HONORABLE DENISE PAGE HOOD

DENNIS STRAUB,

         Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)

Michigan prisoner Gaylord Wilson ("Petitioner"), has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241 *et seq*. challenging his 1978 convictions for first-degree murder, two counts of assault with intent to commit murder, and two counts of possession of a firearm during the commission of a felony which were imposed following a bench trial in the Monroe County Circuit Court. On January 5, 1979, Petitioner was sentenced to life imprisonment without the possibility of parole on the murder conviction, concurrent terms of 40 to 60 years imprisonment on each of the assault convictions, and concurrent terms of two years imprisonment on each of the felony firearm convictions, to be served consecutively to the other sentences. Petitioner has previously filed a habeas petition in federal court challenging the same convictions. For the reasons stated, the Court concludes that it must transfer this case to the United States Court of Appeals for the Sixth Circuit.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at

1

28 U.S.C. § 2241 *et seq.*, an individual seeking to file a "second or successive" habeas petition must ask the appropriate court of appeals for an order directing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998). This requirement transfers to the court of appeals a screening function which the district court previously performed. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Petitioner has previously filed a federal habeas petition challenging the same state court convictions at issue in the instant petition, which was dismissed with prejudice for failure to comply with the one-year statute of limitations applicable to federal habeas actions. *See Wilson v. Straub*, No. 2:02-CV-70869 (E.D. Mich. May 2, 2002), *cert. app. den.* No. 02-1743 (6th Cir. Sept. 27, 2002). Such a prejudicial dismissal is a decision which renders a subsequent habeas petition second or successive. *See, e.g., Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). The instant petition is therefore a second or successive petition. Petitioner has neither sought nor obtained appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

The Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631[1] and *Sims v. Terbush*, 111 F.3d 45, 47

---

[1] 28 U.S.C. § 1631 provides in pertinent part that:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

(6th Cir. 1997) ("when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 25, 2010

I hereby certify that a copy of the foregoing document was served upon Gaylor Wilson, Reg. No. 156385, Kinross Correctional Facility, 16770 S. Watertower Dr., Kincheloe, MI 49788 on February 25, 2010, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager